UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| MARCO MICHALSKI,<br>    *Plaintiff*, | :<br>:<br>: |
| v. | :    No. 3:17-cv-2074 (VAB) |
| SCOTT ERFE, ET AL.,<br>    *Defendants*. | :<br>:<br>: |

**RULING ON MOTION TO RECONSIDER**

Marco Michalski ("Plaintiff") is currently incarcerated at the Osborn Correctional Institution ("Osborn"). Mr. Michalski filed a Complaint asserting constitutional claims against several defendants regarding his dental treatment at Cheshire Correctional Institution ("Cheshire"). On November 13, 2019, the Court issued an initial review order dismissing some of Mr. Michalski's claims, but allowing some of his deliberate indifference claims under the Eighth Amendment to proceed against some defendants. In the same order, the Court also denied Mr. Michalski's motion for a temporary restraining order and preliminary injunction.

On November 27, 2019, Mr. Michalski filed a motion for reconsideration, arguing that his motion for a temporary restraining order against Dr. Benoit should be granted. Mot. for Recons., ECF No. 34 (Nov. 27, 2019).

For the following reasons, Mr. Michalski's motion for reconsideration is **DENIED**.

### I.    FACTUAL AND PROCEDURAL BACKGROUND

Familiarity with the background of this case is assumed. *See* Initial Review Order. The facts and procedure are summarized briefly here as relevant to the motion for reconsideration:

On December 13, 2017, Mr. Michalski filed his original Complaint, bringing claims against numerous defendants, including Dr. Bruce Lichtenstein, a dentist employed by

Correctional Managed Health Care and stationed at Cheshire; Yvonne Borchert, a dental assistant employed by Correctional Managed Health Care and stationed at Cheshire; and Dr. Richard Benoit, the Director of Dental Services for the Connecticut Department of Correction. Compl., ECF No. 1 (Dec. 13, 2017).

Mr. Michalski subsequently amend his Complaint four times to alter defendants, add factual allegations and claims, and once to correct deficiencies in response to a Court order. *See* Mot. to Amend/Correct, ECF No. 7 (Jan. 29, 2018); Second Am. Compl., ECF No. 17 (Aug. 29, 2018); Mot. to Amend/Correct, ECF No. 22 (July 5, 2019); Mot. to Amend/Correct, ECF No. 25 (Sept. 30, 2019).

In his Fourth Amended Complaint, Mr. Michalski alleges that while he was incarcerated at Cheshire, Dr. Benoit, entered into an agreement with Mr. Michalski at a court hearing in December 2017 to provide Mr. Michalski with the dental services he allegedly needed. Fourth Am. Compl. ¶ 61, ECF No. 25-1 (Sept. 30, 2019). On March 19, 2018, Dr. Benoit allegedly came to Cheshire to place a crown on Mr. Michalski's tooth. *Id.* ¶ 69. Mr. Michalski alleges, however, that Dr. Benoit "only filled the tooth back in and put a temporary cap on the tooth rather than a crown." *Id.* Dr. Benoit also allegedly made notes in Mr. Michalski's dental record, including "need crown per habeas court." Fourth Am. Compl. Ex. S, ECF No. 25-1 at 69 (DOC Dental Record, note by Richard Benoit (Mar. 9, 2018)).

On March 29, 2018, Mr. Michalski was allegedly transferred to Osborn. Notice of Change of Address, ECF No. 14 (Apr. 9, 2018).

On May 29, 2019, Mr. Michalski moved for a temporary restraining order ("TRO") and preliminary injunction against two defendants, Dr. Lichtenstein and Ms. Borchert, seeking an

order requiring them to arrange for an examination and a plan of treatment for his alleged dental issues. Mot. for Temp. Restraining Order and Prelim. Inj., ECF No. 20 (May 29, 2019) ("Mot. TRO & Prelim. Inj.").

On September 30, 2019, Mr. Michalski filed a memorandum in support of his motion for a temporary restraining order and preliminary injunction, along with an affidavit and proposed order. Mem. TRO & Prelim. Inj.; Affidavit of Marco A. Michalski, ECF No. 27-1 (Sept. 30, 2019); Text of Proposed Order, ECF No. 27-2 (Sept. 30, 2019). His proposed order seeks to enjoin Dr. Benoit in addition to the other two Defendants. Text of Proposed Order. The Court construed Mr. Michalski's motion to apply to all three Defendants: Dr. Lichtenstein, Ms. Borchert, and Dr. Benoit. Initial Review Order at 12 (citing *Sykes v. Bank of Am.*, 723 F.3d 399, 403 (2d Cir. 2013) ("*Pro se* complaints must be construed liberally and interpreted to raise the strongest arguments that they suggest." (internal citation and quotation marks omitted))).

On November 13, 2019, the Court issued an initial review order dismissing many of Mr. Michalski's claims but allowing some Eighth Amendment claims to proceed for damages against some defendants, including Dr. Lichtenstein, Ms. Borchert, and Dr. Benoit, in their individual capacities; and for injunctive relief against Commissioner Cook and Mr. Furey in their official capacities. Initial Review Order, ECF No. 29, at 34 (Nov. 13, 2019). In the same order, the Court also denied Mr. Michalski's motion for a temporary restraining order and preliminary injunction as moot. Initial Review Order at 31.

On November 27, 2019, On November 27, 2019, Mr. Michalski filed a motion for reconsideration, arguing that his motion for a temporary restraining order against Dr. Benoit should be granted. Mot. for Recons., ECF No. 34 (Nov. 27, 2019).

3

## II. STANDARD OF REVIEW

"Motions for reconsideration shall not be routinely filed and shall satisfy the strict standard applicable to such motions. Such motions will generally be denied unless the movant can point to controlling decisions or data that the court overlooked in the initial decision or order." D. Conn. L. Civ. R. 7(c). This standard is strict. A motion for reconsideration should be granted only where the defendant identifies "an intervening change of controlling law, the availability of new evidence, or the need to correct a clear error or prevent manifest injustice." *Kolel Bell Yechiel Mechil of Tartikov, Inc. v. YLL Irrevocable Tr.*, 729 F.3d 99, 104 (2d Cir. 2013) (quoting *Virgin Atl. Airways, Ltd. v. Nat'l Mediation Bd.*, 956 F.2d 1245, 1255 (2d Cir. 1992)). Additionally, these matters must "reasonably be expected to alter the conclusion reached by the court." *Schrader v. CSX Transp., Inc.*, 71 F.3d 255, 257 (2d Cir. 1995).

A motion to reconsider "is not a vehicle for relitigating old issues, presenting the case under new theories, securing a rehearing on the merits, or otherwise taking a second bite at the apple." *Analytical Surveys, Inc. v. Tonga Partners, L.P.*, 684 F.3d 36, 52 (2d Cir. 2012).

## III. DISCUSSION

Courts should grant motions for reconsideration to "correct a clear error or prevent manifest injustice." *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Courts in the Second Circuit have denied motions for reconsideration where they are based on new facts not clearly stated in the record. *See e.g., First State Ins. Co. v. Ferguson Enterprises, Inc.*, No. 3:16-cv-1822 (VAB), 2019 WL 2521838, at *4 n.3 (D. Conn. June 18, 2019) (collecting cases); *Levin v. Gallery 63 Antiques Corp.*, No. 04-cv-1504 (KMK), 2007 WL 1288641, at *2 (S.D.N.Y. Apr. 30, 2007) ("It is clear that 'the sole function of a proper motion for reconsideration is to call to the Court's attention dispositive facts or controlling authority that were plainly presented in the prior

4

proceedings but were somehow overlooked in the Court's decision: in other words, an obvious and glaring mistake.'") (quoting *M.K.B. v. Eggleston*, No. 05-cv-10446, 2006 WL 3230162, at *1 (S.D.N.Y. Nov. 7, 2006); citing *Xiao v. Continuum Health Partners, Inc.*, No. 01 Civ. 8556, 2002 WL 31760213, at *3 (S.D.N.Y. Dec. 9, 2002) ("Although a party seeking reconsideration may advert to controlling decisions or factual matters that were before the court on the underlying motion, the party may neither put forth new facts, issues or arguments that were not presented to the court on that motion....")); *Cohen v. Fed. Express Corp.*, Nos. 06 Civ. 482 RJH/THK & 07 Civ. 1288 RJH/THK, 2007 WL 1573918, at *3 (S.D.N.Y. May 24, 2007) ("The law in this Circuit is clear: a party is not permitted to put forth new facts, issues or arguments that were not presented to the court on [the original] motion." (citations and internal quotation marks omitted)); *Rafter v. Liddle*, 288 F. App'x 768, 769 (2d Cir. 2008) (stating in a non-precedential summary order that "we do not consider facts not in the record to be facts that the court 'overlooked.'").

Additionally, a plaintiff's "[f]actual allegations must be enough to raise a right to relief above the speculative level" and assert a cause of action with enough heft to show entitlement to relief, and those allegations must consist of "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

The Court denied Mr. Michalski's motion for a temporary restraining order and preliminary injunction "because Dr. Lichtenstein, Ms. Borchert, and Dr. Benoit are all at Cheshire, and Mr. Michalski is no longer incarcerated at Cheshire, [and therefore] the motion for a temporary restraining order and preliminary injunction . . . [is] moot." Initial Review Order at 31-32 (citing *Salahuddin v. Goord*, 467 F.3d 263, 272 (2d Cir. 2006) (recognizing that "an

5

inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility.").

Mr. Michalski does not raise any "intervening change of controlling law" or "the availability of new evidence" that would permit the granting of a motion to reconsider. *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255. Rather, he essentially argues that the Court erred in denying him the temporary restraining order as to Dr. Benoit because "Dr. Benoit is the Director of Dental Services for all facilities within the DOC, not just Cheshire," and as such, "[i]t is within the scope of Dr. Benoit[']s authority to provide dental care to prisoners at Osborn[]." Mot. for Recons. at 2-3. Mr. Michalski requests that the Court allow his motion for a temporary restraining order "to proceed against [D]efendant [Dr.] Benoit, ordering him, or his successors, to provide the much needed dental care to the [P]laintiff at Osborn[]." *Id.* at 3.

But the allegations in Mr. Michalski's Complaint do not suggest that Dr. Benoit is at Mr. Michalski's current facility, or that there is any "intervening change of controlling law" or new evidence. *Virgin Atl. Airways, Ltd.*, 956 F.2d at 1255; *cf Salahuddin*, 467 F.3d at 272 (recognizing that "an inmate's transfer from a prison facility generally moots claims for declaratory and injunctive relief against officials of that facility"). The Court, therefore, will not reconsider its denial of the motion for a temporary restraining order against Dr. Benoit.

**IV. CONCLUSION**

For the foregoing reasons, Mr. Michalski's motion for reconsideration is **DENIED**.

SO ORDERED at Bridgeport, Connecticut this 10th day of January, 2020.

                                              /s/ Victor Bolden
                                            VICTOR A. BOLDEN
                                            UNITED STATES DISTRICT JUDGE